IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENNETH J. TAGGART               :
                                 :   CIVIL ACTION NO. 12-CV-1913
         v.                      :
                                 :
COUNTY OF MONTGOMERY, et al.     :

**MEMORANDUM**

Ditter, J.                                                          January 3, 2013

Plaintiff, Kenneth Taggart, brings this action against a number of defendants, including the County of Montgomery, Pennsylvania, and Prothonotary of Montgomery County (the "County Defendants") for alleged violations of his constitutional rights. Taggart has filed a motion to withdraw his amended complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1),[1] and the County Defendants have filed a response in opposition. *See* Dkts. 23 & 24. For the reasons that follow, the complaint against the County Defendants is dismissed without prejudice.[2]

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Taggart filed his amended complaint on May 8, 2012. In addition to the County Defendants, he named the Court of Common Pleas of Montgomery County and Superior Court of Pennsylvania (the "Judicial Defendants"), as well as third party defendants GMAC Mortgage, LLC ("GMAC"), and Mortgage Electronic Registration Systems Incorporated & MERSCORP

---

[1] Although Taggart titles this document a "motion to withdraw" rather than a notice of dismissal, which is technically proper under Rule 41, such a designation is a distinction without a difference.

[2] In the absence of an appropriate response, a proper and timely notice under Rule 41(a)(1)(A)(i) requires no further action by the court. I am issuing this memorandum and accompanying order for the benefit of the parties and clarity of the record.

("MERS").[3]   Taggart's claims against the Judicial Defendants were dismissed with prejudice by order dated September 12, 2012.  *See* Dkt. 17.

Taggart contends that the County Defendants violated his "United States Constitutional Rights to Fair Trial and Due Process" based on their alleged conduct during the course of state foreclosure proceedings involving property Taggart owned in Montgomery County.  *See Am. Compl.* ¶¶ 1, 22.  Specifically, Taggart alleges that the County Defendants, among other things, allowed false or not properly notarized affidavits to be filed and recorded, and they permitted foreclosure cases to proceed despite the existence of defects, such as a clear question of title or ownership.  *Id.* at ¶ 23.

On August 17, 2012, the County Defendants filed a motion to dismiss Taggart's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See* Dkt. 12.  Extensions were granted and Taggart's response to the motion to dismiss was due on November 27, 2012.  On November 27, instead of filing a response to the County Defendants' motion to dismiss, Taggart filed a motion to withdraw the complaint against the County Defendants without prejudice.  *See* Dkt. 21.  Because Taggart failed to show proof of service and otherwise failed to comply with Local Rule 7.1, his motion was denied with instructions to refile, if he chose to, in accordance with the rules.  In addition, Taggart was given until December 10, 2012 to file a response to the County Defendants' motion to dismiss.  On December 10, instead of filing such a response, Taggart filed a renewed motion to withdraw without prejudice, this time in compliance with the Rules of Civil Procedure.  *See* Dkt. 23.

---

[3] The action against GMAC has been stayed due to GMAC's pending bankruptcy.  *See* Dkt. 7.  It does not appear from the docket that service has been made upon MERS or that anyone has entered an appearance on MERS's behalf.  Therefore, a separate order has been issued dismissing the claims against MERS without prejudice.

**II.     DISCUSSION**

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment.  A timely notice of voluntary dismissal is without prejudice unless it states otherwise or "the plaintiff previously dismissed any federal- or state-court action based on or including the same claim," wherein such notice of dismissal operates as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(a)(1)(B).

The County Defendants do not assert that Taggart has previously dismissed an action based on or including the same claim in a prior case.  Nor have they filed an answer or a motion for summary judgment.  Instead, the County Defendants contend that Taggart's complaint must be dismissed <u>with prejudice</u> on the basis of the arguments raised in their motion to dismiss filed on August 17, 2012 and because their motion ought to be treated as uncontested in light of Taggart's lack of response to that motion.  *See generally Defs.' Resp.* (Dkt. 24).  Although it may seem reasonable to argue that a motion to dismiss should carry the same consequence under the rule as a motion for summary judgment, that is not the case in this Circuit.  *See In re Bath and Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 166 (3d Cir. 2008) ("Because a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is neither an answer nor a motion for summary judgment, its filing generally does not cut off a plaintiff's right to dismiss by notice.");[4] *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065-66 (3d Cir. 1987) (rejecting argument that a motion to dismiss should be equivalent to motion for summary judgment for purposes of applying Rule 41(a)).

---

[4] The exception to this general rule is when the motion to dismiss has been converted to a motion for summary judgment by the court.  *See In re Bath and Kitchen*, 535 F.3d at 166.  The County Defendants do not argue this exception occurred here and therefore, voluntary dismissal without prejudice is required.

Moreover, a timely and proper notice of dismissal under Rule 41(a)(1)(A)(i) is automatic and "deprives the district court of jurisdiction to decide the merits of the case." *In re Bath and Kitchen*, 535 F.3d at 165.   Thus, I am without jurisdiction to consider the arguments that the County Defendants raised in their motion to dismiss.   Because Taggart's notice of dismissal was timely, he is entitled to voluntarily dismiss his complaint without prejudice.

An appropriate order follows.